IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CORNERSTONE CHURCH, INC.,

          Plaintiff,          Case No. 3:01 CV 7344

  -vs-

                                  MEMORANDUM OPINION

NEIL ARDMAN, et al.,

          Defendant.

KATZ, J.

This matter is before the Court on Defendant's Motion for a Dismissal under Fed. R. 12(e), or alternatively for a More Definite Statement as to the Fifth Claim for Relief. Also before the Court are Plaintiff's opposition and Defendant's reply thereto. For the reasons that follow, Defendant's Motion is denied.

## MOTION FOR A MORE DEFINITE STATEMENT

Under Fed. R. Civ. P. 12(e), where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." When considered with the liberal notice pleading requirements under Fed. R. Civ. P. 8, a motion for a more definite

statement is generally disfavored except in instances where allegations of fraud or mistake must be plead with particularity. SEE JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 12.36[2] (3D ED. 2001).

The Sixth Circuit noted the requirements under Fed. Civ. P. 9(b), which require pleading with particularity when considered with Rule 8, as follows:

> The Sixth Circuit reads [] rule [9b] liberally, however, requiring a plaintiff, at a minimum, to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ballan v. Upjohn Co.*, 814 F.Supp. 1375, 1385 (W.D.Mich.1992) (citing *Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 679 (6th Cir.1988)). However, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id*. The threshold test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendants to "answer, addressing in an informed way plaintiffs [sic] claim of fraud." *Brewer*, 644 F.Supp. at 1273.

*Coffey v. Foamex L.P.,* 2 F.3d 147, 161-162 (6th Cir. 1993). *Accord Advocacy Organization v. Auto Club Ins. Ass'n,* 176 F.3d 315, 322 (6th Cir. 1999).

In this case, the allegations include breach of contract, breach of implied duties of performance, breach of fiduciary duties, conversion and fraud. The Defendant first challenges Plaintiff's incorporation of the first 55 paragraphs which comprise the factual allegations which pertain the claims sounding in fraud. It is alleged that the fraud count does not contain the time, place content of the alleged misrepresentation and fails to specify which statements were allegedly misleading. In other words, according to the Defendant, the claims underlying the breach of contract are merely recast as fraud.

In opposition, the Plaintiff contends that it has specified the factual circumstances underlying its claim are contained within the factual averments in ¶¶ 10, 11, 57 and 58. In doing so, the Plaintiff contends that it has complied with the spirit of Rule 9(b) in describing the time frames, places and

contents of the alleged misrepresentations underlying its claim. For example, sometime after the Spring of 2000:

> 10. . . . Cornerstone representatives had several telephone conferences with Ardman regarding Cornerstone's desire to obtain the FCC approved license and broadcast in the Toledo market. Ardman informed Cornerstone that he could engineer the site for final FCC approval at a location which would allow effective broadcasting in the Toledo Market. Ardman further represented that he could obtain the necessary equipment at retain cost or lower and that he would then also install the equipment, including the antenna and necessary tower, at the site location. All of these conversations occurred by telephone, with Ardman on more than one occasion placing the call to Cornerstone's representatives in Maumee.
>
> 11. Based upon these conversations and representations by Ardman, Cornerstone agreed to retain Ardman. The agreement between the parties involved three components. Ardman promised to do all necessary engineering for the FCC license approval at a location to meet Cornerstone's intended purpose for a flat fee of $6,000.00. Second, Ardman further agreed to obtain the necessary equipment for Cornerstone at a retail cost or better with Ardman's sole remuneration for obtaining the equipment coming from any dealer discount obtained from the seller. Third, Ardman promised to complete the construction for the build out of the station and erection of the antenna and tower at a cost of $1,000 per day.
>
> 57. Ardman represented to Cornerstone that he had the requisite expertise to properly engineer the site to fulfill Cornerstone's purposes.
>
> 58. In conjunction with these representations, Ardman also represented to Cornerstone that he could procure the necessary equipment to fulfill Cornerstone's purposes at a cost of "retain" or lower and that his only remuneration would be any dealer discount provided by the vendor.

Complaint.

Having reviewed the entire complaint, the Court, in its discretion, finds that Plaintiff has set forth the circumstances supporting its claim of fraud with enough specificity to place the Defendant on notice as to the nature of its claim. This is not a situation where broadly based allegations are devoid of details as to timing of the statements, the parties to those communications and the content of those conversations.

*See Sky Technologies Partners v. Midwest Research,* 125 F. Supp.2d 286, 298-299 (S.D. Ohio 2000) (a more definite statement is required where the complaint wholly fails to articulate the contents of the fraudulent statements nor identifies the dates and parties to claims of fraud). As noted by the this Circuit, there is "reluctan[ce] to amputate plaintiffs' claim as long as there is a reasonable basis upon which to make out a cause of action from the events narrated in the complaint." *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.3d at 680. In this instance, Defendant has complied with the dictates of the parameters set forth in *Coffey* and the Defendant is capable of fashioning a response to the allegations therein.

## CONCLUSION

Accordingly, Defendant's Motion for Dismissal and for a More Definite Statement as to the Fifth Claim (Doc. No. 11) is denied.

IT IS SO ORDERED.

                                                 s/ *David A. Katz*
                                                 DAVID A. KATZ
                                                 U. S. DISTRICT JUDGE